UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 03-4467
(CR-02-313)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHIRLEY E. SMITH,

Defendant - Appellant.

O R D E R

The court amends its opinion filed August 3, 2004, as follows:

On page 8, footnote 3 -- the footnote is revised to read:

> In a motion filed July 16, 2004, Smith, through counsel, moves to remand on the basis of *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Pursuant to *U.S. v. Hammoud*, No. 03-4253, 2004 WL 1730309 (4th Cir. August 2, 2004) (en banc), the motion is *DENIED*.

For the Court - By Direction

    /s/ Patricia S. Connor
            Clerk

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

SHIRLEY E. SMITH,
　　　　　　*Defendant-Appellant.*

No. 03-4467

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CR-02-313)

Argued: June 4, 2004

Decided: August 3, 2004

Before WILLIAMS and KING, Circuit Judges, and
Louise W. FLANAGAN, United States District Judge for the
Eastern District of North Carolina, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Jill Eskin Major HaLevi, Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Eric William Ruschky, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:**

J. Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Shirley E. Smith appeals her 27 month sentence imposed after she was found guilty at trial of four counts of making false statements under oath, two counts of making a false claim, and one count of perjury. Her primary argument on appeal is that the district court erred in its application of the grouping provisions of the United States Sentencing Guidelines. Smith also raises additional arguments challenging her conviction in a *pro se* supplemental brief submitted to the court. We affirm Smith's conviction but vacate her sentence and remand for resentencing.

I.

In 1998, while an employee with the United States Department of Energy (DOE), Smith accused her manager, Hank Harris, of sexual harassment. During the ensuing investigation into Smith's allegations, she made a settlement demand and a claim for compensation of $250,000.00. In 2001, Smith testified under oath in furtherance of her accusations against the DOE before an Administrative Law Judge (ALJ) at an Equal Employment Opportunity Commission (EEOC) hearing. The ALJ determined that Smith's claims were without merit, finding, contrary to Smith's allegations, that the evidence tended to show that Harris did not sexually harass Smith, but, rather, that sexual relations between Smith and Harris were consensual.

An indictment was returned against Smith on March 20, 2002, alleging four counts of making false statements, under 18 U.S.C.

§ 1001(a)(2), three counts of perjury, under 18 U.S.C. § 1623, and two counts of making a false claim, under 18 U.S.C. § 287. After the district court dismissed two of the three perjury charges, on July 19, 2002, a jury found Smith guilty on the remaining perjury count (based on Smith's 2001 testimony under oath before the ALJ concerning her sexual harassment claims) and the false statements and claims counts (based on Smith's false allegations of harassment and claims for relief asserted against her employer).

At sentencing, over Smith's objection, the court calculated Smith's sentence by grouping the multiple counts together into one distinct group, pursuant to U.S.S.G. § 3D1.2 (1998),[1] accounting for the false statements and false claims counts of conviction under § 3D1.2(d) and the perjury count of conviction under § 3D1.2(c). The court arrived at a preadjustment offense level of 16, premised upon reasoning set forth in the Presentence Investigation Report (PSR). Although the Probation Officer (PO) indicated no information to suggest that Smith impeded or obstructed justice concerning the investigation or criminal prosecution, the court held Smith accountable for perjury and utilized the grouping rules to apply an obstruction adjustment as to the perjury count of conviction. As recommended by the PO, the court added two levels as an adjustment for obstruction of justice, pursuant to § 3C1.1, and grouped the perjury count pursuant to § 3D1.2(c), resulting in a total offense level of 18, which, with a criminal history category of I, yielded a sentencing range of 27 to 33 months.

Smith appeals her sentence on grounds that the district court improperly applied the U.S.S.G. § 3D1.2 grouping rules. Smith argues that all seven counts should be grouped under § 3D1.2(b), as

---

[1]The court used the 1998 edition of the U.S. Sentencing Guidelines Manual (hereinafter "guidelines") because it was "in effect when the offense was committed" and was deemed less punitive than the 2002 edition, current at the time of sentencing. J.A. II, p. 18; *see* U.S.S.G. § 1B1.11(a) & (b). The parties do not dispute the application of the 1998 guidelines to the facts of this case, and, hereinafter, all citations to "U.S.S.G." refer to the 1998 guidelines.

they all involve the same victim and constitute a common scheme or plan, resulting in a total offense level of 16 and a lower guideline range.[2]

## II.

This court reviews the district court's application and interpretation of a particular sentencing guideline de novo and reviews factual determinations made by the district court for clear error. *Elliott v. United States*, 332 F.3d 753, 761 (4th Cir. 2003).

To calculate the guideline sentencing range, the sentencing court must determine the offense level for each count of conviction, apply relevant adjustments, and group the counts according to the grouping guidelines. *See* U.S.S.G. § 1B1.1(a)-(d). It is undisputed that the false statements and claims counts are subject to a preadjustment offense level of 16. § 2F1.1(a) & (b). Applying § 2J1.3, the perjury count is subject to a preadjustment offense level of 12. § 2J1.3.

An adjustment for obstruction of justice applies, in relevant part, only if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice *during the course of the investigation, prosecution, or sentencing of the instant offense of conviction*." § 3C1.1 (emphasis added). Here, the PO stated that she "ha[d] no information to suggest that the defendant impeded or obstructed justice concerning the investigation or prosecution of the instant federal offense." J.A. II 18. The district court did not find at sentencing that Smith obstructed justice during the course of the investigation, prosecution, or sentencing, nor does the present record offer any basis upon which to make such a finding.

---

[2]Upon review, this court determines that extended discussion of arguments challenging her conviction, raised in Smith's *pro se* supplemental brief, is unnecessary. We find Smith's challenges to her conviction on the basis of due process violations in the administrative proceeding without merit and irrelevant to the validity of the criminal conviction. Smith's ineffective assistance claim must also be rejected as without merit because the record does not conclusively show that Smith's counsel was ineffective. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Accordingly, we affirm the conviction.

Smith's only obstructive conduct, perjury, occurred during an EEOC hearing, before any criminal investigation against her had begun. *See* J.A. II 8 & 13-16 (outlining offense conduct for perjury count). Even government counsel at sentencing admitted "quite frankly, I have trouble viewing the perjury count as an obstruction to this case." J.A. I 33. Absent any finding that Smith obstructed justice during the course of the investigation, prosecution, or sentencing, or any basis in the record for so finding, the district court erred in imposing an adjustment for obstruction of justice under § 3C1.1. *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993) (holding that court applying adjustment for obstruction over objection of the defendant "must review the evidence and make independent findings necessary to establish . . . obstruction of justice").

Application note 8 to § 3C1.1 does not support grouping the perjury count as an obstruction adjustment under the circumstances of this case, contrary to the position taken by the Government and advanced in the PSR. This application note states:

> *If* the defendant is convicted both of an obstruction offense . . . and an underlying offense (*the offense with respect to which the obstructive conduct occurred*), the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2. . . . The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section.

§ 3C1.1, cmt. n.8. (emphasis added). For this provision to apply, Smith must have been convicted of "an underlying offense" that is also "the offense with respect to which the obstructive conduct occurred." *Id.* Here, as the record now stands, Smith did not commit obstructive conduct with respect to any of her underlying offenses. Rather, as noted above, Smith committed perjury during a hearing before an ALJ, well before any criminal proceedings against her had begun.

The grouping guideline § 3D1.2(c) and its commentary likewise do not support grouping the perjury count as an obstruction adjustment

in this case. Section 3D1.2(c) provides that counts should be grouped under this section:

> [W]hen one of the counts embodies conduct that is treated as *a[n] . . . adjustment to* the guideline applicable to another of the counts.

§ 3D1.2(c) (emphasis added). The relevant commentary states in similar terms:

> [W]hen conduct that represents a separate count, e.g., . . . obstruction of justice, *is also a[n]. . . adjustment to another count*, the count represented by that conduct is to be grouped with the count to which it constitutes an aggravating factor.

§ 3D1.2, cmt. n.5 (emphasis added). By the plain language of the rule and its commentary, § 3D1.2(c) applies only when it already has been determined properly that the perjury count is an adjustment to another count. Accordingly, where, as here, no findings were made supporting treatment of the perjury count as an adjustment to the other false statement and false claim counts, grouping under § 3D1.2(c) was improper.

The sole substantive case cited by the Government, *United States v. McCoy*, 242 F.3d 399 (D.C. Cir. 2001), is inapposite on this grouping issue. In *McCoy*, the defendant was convicted of making a false statement to a bank, making a false statement to the Small Business Administration, and perjury at a bankruptcy proceeding. There, as here, the district court applied an additional adjustment for obstruction. In *McCoy*, however, in contrast to the instant case, the obstruction adjustment was based on a specific finding that McCoy testified falsely at her criminal trial to the same effect of her testimony at the bankruptcy proceeding. *McCoy*, 242 F.3d at 407. It was not based solely on the fact that she committed perjury at the bankruptcy proceeding. *See id.* Thus, this case is distinguishable from *McCoy*, given that the court did not find that Smith testified falsely at her criminal trial. *See also United States v. Frank*, 354 F.3d 910, 923 & 924 (8th Cir. 2004) (applying obstruction adjustment for perjury count, pursu-

ant to note 8 to § 3C1.1, where district court found, inter alia, that defendant "gave materially false trial testimony").

In sum, the district court erred in treating the perjury count as an adjustment for obstruction of justice, and in grouping the perjury count as an adjustment to the other counts under U.S.S.G. § 3D1.2(c), absent findings supporting such an adjustment. Accordingly, Smith's sentence must be vacated.

Upon resentencing, unless the district court makes factual findings supporting an adjustment for obstruction, the perjury count must be grouped according to a different grouping rule, pursuant to § 3D1.2 (a), (b) or (d). Under these rules, the perjury count may be grouped with the others if the district court finds that it "involve[s] the same victim and the same act or transaction," § 3D1.2(a), or, that it "involve[s] the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan," § 3D1.2(b). Alternately, even though perjury is not specifically enumerated in subsection (d), grouping may be appropriate "based on the facts of the case and the applicable guidelines . . . used to determine the offense level," § 3D1.2(d). We leave the factual determinations bearing on the application of these grouping rules for the district court upon resentencing.

If either subsection (a), (b) or (d) of § 3D1.2 apply to group the perjury count in one single group with the other counts, then the district court must apply the rules in § 3D1.3 to determine the total offense level for this group. *See* § 3D1.3 (providing method for determining the offense level of a group of closely related counts). If, however, the perjury count is properly grouped separately from the other counts, then the court must apply § 3D1.4 to determine the combined offense level in this case. *See* § 3D1.4 (outlining "procedure for calculating the combined offense level when there is more than one Group of Closely Related Counts").

III.

For the foregoing reasons, although we affirm Smith's conviction,

we vacate the sentence imposed by the district court and remand for resentencing in accordance with this opinion.[3]

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[3]In a motion filed July 16, 2004, Smith, through counsel, moves to remand on the basis of *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Pursuant to *U.S. v. Hammoud*, No. 03-4253, 2004 WL 1730309 (4th Cir. August 2, 2004) (en banc), the motion is *DENIED*.