**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4813**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHIRLEY E. SMITH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Cameron McGowan Currie, District Judge. (CR-02-313)

———————

Submitted:  March 11, 2005          Decided:  March 3, 2006

———————

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shirley E. Smith was convicted after a jury trial of four counts of making false statements, in violation of 18 U.S.C. § 1001(a)(2) (2000); one count of false declarations before a grand jury or court, in violation of 18 U.S.C. § 1623 (2000); and two counts of making or presenting false claims upon the United States, in violation of 18 U.S.C. § 287 (2000). The district court sentenced Smith to twenty-seven months of imprisonment, two years of supervised release, and a $700 special assessment. In her first appeal, we affirmed Smith's convictions, but vacated her sentence and remanded for resentencing. United States v. Smith, No. 03-4467, 2004 WL 1729821 (4th Cir. Aug. 3, 2004) (unpublished). Smith now appeals the sentence imposed by the district court on remand.

On remand, Smith objected to the presentencing report. Relying upon the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), Smith asserted that all enhancements to her base offense level should be removed because the facts supporting those enhancements were not stipulated to or found by the jury.

At the re-sentencing hearing the district court overruled Smith's Blakely objection and applied the guidelines in accordance with this court's direction in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), petition for cert. granted, judgment

vacated, 125 S. Ct. 1051 (2005). The district court imposed a sentence of twenty-one months of imprisonment, the minimum of the guideline range, two years of supervised release, and a $700 special assessment. The district court declined, however, to specify an alternative sentence as suggested in Hammoud.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied Blakely's rationale to the federal sentencing guidelines. After severing two provisions of the Sentencing Reform Act (18 U.S.C. § 3553(b)(1), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal), the Court held that the guidelines remain as advisory only. Sentencing courts are now required to consider the applicable guideline range, but may "tailor the sentence in light of other statutory concerns . . . ." Booker, 125 S. Ct. at 757.

In this case, as in Booker, Smith's sentence was determined by application of the Guidelines as a mandatory determinant in sentencing. Although the district court stated that it believed a twenty-one month sentence was appropriate in this case, the court specifically declined to state an alternate sentence if the Guidelines were merely advisory. It is impossible to determine on the present record whether the district court would have chosen to sentence Smith to twenty-one months in the exercise of its discretion.

- 3 -

We therefore again vacate the sentence imposed by the district court and remand for reconsideration of the sentence in accordance with <u>Booker</u>.  We deny the Government's motion to remand as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>